Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
Graham G. Lambert, Esq. SBN 303056
gl@haffnerlawyers.com
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2325
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Attorneys for Plaintiff TAREK ABU-
HAJAR and All Others Similarly Situated

# UNITED STATES DITRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

TAREK ABU-HAJAR, an individual, on behalf of HIMSELF and all others similarly situated,

        Plaintiff,

   v.

AUTONATION, INC., a Florida Corporation; and DOES 1 through 50, inclusive,

        Defendants.

Case No.

**CLASS ACTION COMPLAINT FOR:**

(1) **FAILURE TO PROVIDE MEAL PERIODS;**
(2) **FAILURE TO PROVIDE REST BREAKS;**
(3) **FAILURE TO PAY OVERTIME WAGES;**
(4) **FAILURE TO PAY MINIMUM WAGES;**
(5) **FAILURE TO PAY ALL WAGES UPON SEPARATION;**
(6) **FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD; AND**
(7) **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT ("UCL"),** *BUS. & PROF. CODE* **§17200,** *et seq.*

**DEMAND FOR JURY TRIAL**

Plaintiff Tarek Abu-Hajar ("Plaintiff") is informed and believes, and on that basis alleges, as follows:

## NATURE OF THE ACTION

1.    This is a class action for wage and labor violations arising out of, among other things, Defendant AutoNation, Inc.'s ("Defendant") failure to compensate its automobile sales force in compliance with California law.  As more fully described herein, Defendant pays Plaintiff and class members based on a sales commission, and fails to pay them for all time worked, provide and/or or compensate them for meal and rest breaks, and other Labor Code violations.

2.    Plaintiff seeks among other things, all wages, restitutionary disgorgement, and statutory penalties.  Plaintiff seek to represent the following Class:

All current or former California residents who worked for Defendant selling automobiles at any time beginning four (4) years prior to the filing of the Complaint through the date notice is mailed to the Class (the "Class period").

## PARTIES

3.    Plaintiff Tarek Abu-Hajar ("Plaintiff") was, at all relevant times, a resident and citizen of the State of California.  Plaintiff was employed by Defendant as an automobile salesperson in the County of Los Angeles, State of California, during the liability period as alleged herein.

4.    Defendant AutoNation, Inc. ("AutoNation" or "Defendant"), is a Florida corporation authorized to do, and doing, business in the State of California.

5.    Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 50, inclusive, and therefore sue such defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained.  Plaintiff are informed and believe and thereon alleges that each of the fictitiously named defendants is legally

2

**CLASS ACTION COMPLAINT**

1  responsible in some manner for the events and occurrences alleged herein, and for the damages

2  suffered by the Class.

3        6.     Plaintiff is informed and believes and thereon alleges that all defendants,

4  including the fictitious Doe defendants, were at all relevant times acting as actual agents,

5  conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all

6  other defendants, and that all acts alleged herein occurred within the course and scope of said

7  agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the

8  express and/or implied permission, knowledge, consent authorization and ratification of their co-

9  defendants; however, each of these allegations are deemed "alternative" theories whenever not

10  doing so would result in a contradiction with other allegations.

11  **JURISDICTION AND VENUE**

12        7.     This Court has jurisdiction over the entire action pursuant to 28 U.S.C §1332 and

13  by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of

14  interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions

15  complained of in this action took place in the State of California, and all Defendants reside in the

16  state of California. Venue is proper because this is a class action, the acts and/or omissions

17  complained of took place, in whole or in part within the venue of this Court, and/or one or more

18  Defendant resides within the venue of this court.

19  **FACTUAL ALLEGATIONS**

20        8.     Plaintiff and the Class work for Defendant as automobile salesmen. Defendant

21  paid Plaintiff and Class members based on a sales commission. Defendant paid Plaintiff and the

22  Class members advances on commissions at approximately $10 per hour, but then clawed back

23  the advances from the commissions.

24        9.     Defendant failed to pay Plaintiff and Class members for all hours worked, and did

25  not pay them minimum wages in accordance with law. When Class members worked shifts over

26  eight (8) hours per day, or over forty (40) hours per week, Defendant did not pay them overtime

27  in accordance with law. Plaintiff and the Class regularly worked over 10 hours per day and 60

28  hours per week, without being paid overtime. Defendant failed to pay Plaintiff and Class

3

**CLASS ACTION COMPLAINT**

1 | members for all hours worked.

2 |     10.     At all times during the liability period, Defendant failed to separately pay Plaintiff

3 | and Class members for rest breaks.

4 |     11.     Plaintiff and Class members' job duties were such that they were unable to take a

5 | duty free meal or rest break. Plaintiff had to be on call to service customer needs if required.

6 | Plaintiff and Class members were assigned to and required to work shifts lasting over four (4)

7 | hours, and were not provided nor allowed to take a ten (10) minute, uninterrupted rest break

8 | during each such shift or four (4) hour work period.

9 |     12.     At all times during the liability period, Plaintiff and the Class members were

10 | assigned to and required to work for periods lasting in excess of five (5) hours and were not

11 | provided or allowed to take a thirty (30) minute, uninterrupted, off-duty meal break. Moreover,

12 | Plaintiff and the Class members often worked and in excess of ten (10) hours without a second

13 | thirty (30) minute meal break.

14 |     13.     Defendant's conduct, as alleged herein, has caused Plaintiff and Class members

15 | damages including, but not limited to, loss of wages and compensation. Defendant is liable to

16 | Plaintiff and the Class for failing to pay minimum wages, failing to pay overtime wages, failing

17 | to pay all wages owed on each pay period, failure to provide timely and accurate wage

18 | statements, failure to pay all wages owed upon termination, and unfair competition.

19 |     14.     Plaintiff is a member of and seeks to be the representative for the Class of

20 | similarly situated employees who all have been exposed to, have suffered, and/or were permitted

21 | to work under, Defendant's unlawful employment practices as alleged herein.

22 | **CLASS DEFINITIONS AND CLASS ALLEGATIONS**

23 |     15.     Plaintiff brings this action on behalf of themselves, and on behalf of all others

24 | similarly situated, and as a member of the Class defined as follows:

25 |         All current or former California residents who worked for Defendant

26 |         selling automobiles at any time beginning four (4) years prior to the

27 |         filing of the Complaint through the date notice is mailed to the Class (the

28 |         "Class period").

4

**CLASS ACTION COMPLAINT**

16.    Plaintiff reserves the right to amend or otherwise alter the sub-class definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

17.    This action has been brought and may be properly maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23, and other applicable law, as follows:

18.    **Numerosity of the Class:**  Members of the Class are so numerous that their individual joinder is impracticable.  The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery.  Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

19.    **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

    a.    Whether Defendant engaged in a pattern or practice of failing to pay Plaintiff and the members of the Class minimum wage for each hour worked or part thereof;

    b.    Whether Defendant engaged in a pattern or practice of failing to pay Plaintiff and the members of the Class overtime wage for each hour in excess of eight (8) per day, or forty (40) per week, worked;

    c.    Whether Defendant violated Labor Code § 226.7 and/or § 512 and engaged in a pattern or practice of failing to provide timely, off-duty thirty (30) minute meal periods to Plaintiff and members of the Class who worked as automobile salespersons in California during the Class period;

    d.    Whether Defendant violated California Industrial Welfare Commission ("IWC") Orders by failing to provide Plaintiff and the members of the Class who worked as automobile salespersons in California during the Class period with timely off-duty thirty (30) minute meal periods;

    e.    Whether Defendant violated IWC Wage Order No. 4-2001 and Labor Code § 226.7 by failing to provide ten (10) minute, uninterrupted rest periods as contemplated by

5

**CLASS ACTION COMPLAINT**

1  California law for work periods in excess of four (4) hours;

2  f.  Whether Defendant violated IWC Wage Order No. 4-2001 and Labor Code § 226.7

3  by engaging in a pattern or practice of failing to properly compensate Plaintiff and

4  the members of the Class who worked as automobile salespersons in California

5  during the Class period for rest periods by paying based on a commission, without

6  separately paying Plaintiff and Class members for rest breaks;

7  g.  Whether Defendant engaged in unfair practice and violated California Business and

8  Professions Code § 17200 by failing to provide and/or compensate Plaintiff and the

9  members of the Class who worked as automobile salespersons in California during

10  the Class period with their statutory minimum wage and overtime;

11  h.  Whether Defendant engaged in unfair practice and violated California Business and

12  Professions Code § 17200 by failing to provide and/or compensate Plaintiff and the

13  members of the Class who worked as automobile salespersons in California during

14  the Class period with their statutory off-duty meal and/or rest periods on a timely

15  basis;

16  i.  Whether Defendant maintained accurate time records of time worked, including time

17  worked and off-duty thirty (30) minute meal breaks taken by Plaintiff and members

18  of the Class, during the Class period in accordance with IWC Wage Orders;

19  j.  Whether Defendant violated Labor Code § 226 by issuing inaccurate itemized wage

20  statements to Plaintiff and members of the Class that failed to include payments for

21  missed and/or on-duty meal and/or rest periods among wages earned throughout the

22  Class period;

23  k.  Whether Defendants violated Labor Code § 226 by issuing inaccurate itemized wage

24  statements to Plaintiff and members of the Class that failed to accurately state the

25  total hours worked, to the detriment of Plaintiff and the Class;

26  l.  Whether Defendant violated Labor Code §§ 218.5, 204, 1197, and 1198 due to

27  failure to compensate Plaintiff and the Class for those acts Defendants required

28  Plaintiff and members of the Class to perform for the benefit of Defendants.

6

m. The nature and extent of class-wide injury and measure of damages for the injury.

20.     **Typicality**: Plaintiff's claims are typical of the claims of the members of the subclasses they represent because Plaintiff, as an automobile salesman for Defendant, was exposed and subjected to the same unlawful business practices as other automobile salespersons employed by Defendants during the liability period. Plaintiff and the members of the class she represents sustained the same types of damages and losses.

21.     **Adequacy:** Plaintiff is an adequate representative of the Class she seeks to represent because her interests do not conflict with the interests of the members of the subclasses Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of members of each Class will be fairly and adequately protected by Plaintiff and her counsel.

22.     **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The violations of law were committed by Defendant in a uniform manner and class members were exposed to the same unlawful practices. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

23.     The Class should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

7

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendants have acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

### FIRST CAUSE OF ACTION
### UNLAWFUL FAILURE TO PROVIDE MEAL PERIODS
### (Violation of Labor Code §§ 512 and 226.7; IWC Wage Order No. 4-2001, §11)

24.    Plaintiff re-allege and incorporate all preceding paragraphs as if fully set forth herein.

25.    California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

26.    IWC Order No. 4-2001(11)(A) provides, in relevant part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

27.    Section 512(a) of the California Labor Code provides, in relevant part, that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

8

28.     As alleged herein, Defendant failed to authorize and permit uninterrupted meal breaks during the Class period. Plaintiff and members of the Class were routinely required to work without an uninterrupted meal break at the direction of Defendant and/or with Defendant's knowledge and acquiescence.

29.     By its actions in requiring its employees to work through meal periods and/or its failure to relieve automobile salespersons of their duties for their off-duty meal periods, Defendant has violated California Labor Code § 226.7 and § 11 of IWC Wage Order No. 4-2001, and is liable to Plaintiff and the Class.

30.     As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of timely off-duty meal periods, and are entitled to recovery under Labor Code § 226.7(b) and § 4 of IWC Wage Order No. 4-2001, in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide its automobile salespersons with timely statutory off-duty meal periods.

## SECOND CAUSE OF ACTION
### UNLAWFUL FAILURE TO PROVIDE REST PERIODS
**(Violation of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 4-2001, §12)**

31.     Plaintiff re-allege and incorporate all preceding paragraphs as if fully set forth herein.

32.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

33.     IWC Order No.4-2001(12)(A) provides, in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work times is less than three and one-half hours. Authorized rest period time shall be counted as hours worked for which there shall be no          deduction from wages."

9

34.     IWC Order No. 9-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

35.     As alleged herein, Defendant failed to provide, authorize, and/or pay rest breaks during the Class period. Plaintiff and members of the Class were routinely required to work through rest periods at the direction of Defendant and/or with Defendant's knowledge and acquiescence.  In addition, Defendant paid Plaintiff and class members based on a commission, and did not separately compensate them for their time.

36.     By their actions, Defendant violated § 12 of IWC Wage Order No. 4-2001 and California Labor Code § 226.7, and are liable to Plaintiff and the Class.

37.     Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this complaint.

38.     As a direct and proximate result of Defendant's unlawful action, Plaintiff and the Class have been deprived of timely rest periods and/or were not paid for rest periods taking during the Class period, and are entitled to recovery under Labor Code § 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide employees with timely and/or paid rest periods.

**THIRD CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PAY MINIMUM WAGES**
**(Violation of Labor Code §§ 510, 1194, 1194.2, 1197; Wage Order No. 4-2001, §4)**

39.     Plaintiff re-allege and incorporate all preceding paragraphs as if fully set forth herein.

40.     Labor Code § 510 provides in relevant part: "[e]ight hours of labor constitutes a day's work.  Any work in excess of eight hours in one work day and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the        rate of no less than one and one-half times the

10

regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

41.    Labor Code §1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

42.    Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

43.    Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

44.    Pursuant to IWC Wage Order No. 4-2001, at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, where or not required to do so."

45.    At all times, relevant during the liability period, under the provisions of Wage Order No. 4-2001, Plaintiff and each Class member should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

46.    For all hours that Plaintiff and the Class members worked, they are entitled to not less than the California minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. Pursuant to Labor Code § 1194, Plaintiff and the Class members are also entitled to their attorneys' fees, costs, and interest according to proof.

11

**CLASS ACTION COMPLAINT**

47.    At all times, relevant during the liability period, Defendant willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff and Class members the amounts owed.

48.    Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all other similarly situated automobile salespersons, and Defendant has done so continuously throughout the filing of this complaint.

49.    As a direct and proximate result of Defendant's violation of Labor Code §§ 510 and 1197, Plaintiff and other Class members have suffered irreparable harm and money damages entitling them to damages, injunctive relief or restitution. Plaintiff, on behalf of themselves and on behalf of the Class, seeks damages and all other relief allowable including all wages due while working as Defendant's automobile salespersons, attorneys' fees, liquidated damages, prejudgment interest, and as to those employees no longer employed by Defendant, waiting time penalties pursuant to Labor Code § 200 *et seq.*

50.    Plaintiff and the Class members are entitled to back pay, pre-judgment interest, liquidated damages, statutory penalties, attorneys' fees and costs, and for Plaintiff and the Class of members no longer employed, waiting time penalties pursuant to Labor Code § 1194.

### FOURTH CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY ALL OVERTIME AND DOUBLE TIME WAGES
### (Violation of *Labor Code*§§ 510 and 1194; Wage Order No. 4-2001, § 3 )

51.    Plaintiff re-allege all preceding paragraphs as if fully set forth herein.

52.    California *Labor Code* §510 provides that, "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee...."

53.    Section 3(a)(1) of Wage Order No. 4-2001 also mandates that employers pay one and one-half times the employees' regular rate of pay for employees who work more than eight (8) hours in a day or forty (40) hours in a week, and two times their regular rate of pay for any

12

1    work in excess of twelve (12) hours in one day.

2    54.    At all times relevant hereto, Plaintiff and members of the Class were non-exempt

3    for purposes of the overtime and double pay requirements set forth in the Labor Code and Wage

4    Order No. 4-2001.  In addition, during the Class period, Plaintiff and other members of the Class

5    consistently worked three (3) to five (5) days per week for ten (10) hours or more.

6    55.    Plaintiff and the Class seek to recover unpaid overtime and double-time

7    compensation in an amount to be determined at trial.

8
### FIFTH CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES DUE AT SEPARATION
9
#### (Violation of Labor Code § 203)

10    56.    Plaintiff re-allege and incorporate all preceding paragraphs as if fully set forth

11    herein.

12    57.    California Labor Code §§ 201 and 202 requires Defendant to pay all

13    compensation due and owing to former automobile salespersons at or around the time

14    employment is terminated.  Section 203 of the California Labor Code provides that if an

15    employer willfully fails to pay compensation promptly upon discharge or resignation, as

16    required by §§ 201 and 202, then the employer is liable for penalties in the form of continued

17    compensation up to thirty (30) work days.

18    58.    At all times, relevant during the liability period, Plaintiff and the other members

19    of the Class were employees of Defendants covered by Labor Code § 203.

20    59.    Plaintiff and the Class were not paid for their work performed in excess of eight

21    (8) hours per day, nor were they paid for their work time.

22    60.    Defendant willfully failed to pay Plaintiff and other members of the Class who are

23    no longer employed by Defendant for their uncompensated hours, uncompensated overtime, and

24    missed, untimely or on-duty meal and rest periods upon their termination or separation from

25    employment with Defendant as required by California Labor Code §§ 201 and 202.  As a result,

26    Defendant is liable to Plaintiff and other members of the Class who are no longer employed by

27    Defendant for waiting time penalties amounting to thirty days wages for Plaintiff and each such

28    Class member pursuant to California Labor Code § 203.

13

## SIXTH CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD
(Violation of Labor Code § 204)

61.    Plaintiff re-allege and incorporate all preceding paragraphs as if fully set forth herein.

62.    California Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work.

63.    At all times, relevant during the liability period, Defendants failed to pay Plaintiff and the Class the full amount of all owed wages when due as required by California Labor Code § 204.

64.    Defendants failed to pay Plaintiff and other similarly situated employees all wages earned each pay period. Plaintiff are informed, believe, and thereon allege, that at all times relevant during the liability period, Defendants maintained a policy or practice of not paying Plaintiff and other similarly situated employees: (i) minimum wages for all hours worked; (ii) overtime wages for all overtime hours worked; and (iii) premium wages for all missed meal and rest periods.

65.    As a result of Defendant's unlawful conduct, Plaintiff and members of the each Class have suffered damages in an amount, subject to proof, to the extent they were not paid all wages each pay period. The precise amount of unpaid wages is not presently known to Plaintiff but can be determined directly from Defendant's records or indirectly based on information from Defendants' records.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT
(Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*)

66.    Plaintiff re-allege all preceding paragraphs as if fully set forth herein.

67.    Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

68.    Through its action alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful,

14

unfair, and/or fraudulent business practices under the UCL.

69.    Defendant's unlawful conduct under the UCL includes, but is not limited to, violating the statutes alleged herein.  Defendant's unfair conduct under the UCL includes, but is not limited to, failure to pay Class members wages and compensation they earned through labor provided, and failing to otherwise compensate Class members, as alleged herein.  Defendant's fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the time the Class members worked and the amount of wages or compensation due.

70.    Plaintiff have standing to assert this claim because he has suffered injury in fact and has lost money as a result of Defendant's conduct.

71.    Plaintiff and the Class seek restitutionary disgorgement from Defendant, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

## **PRAYER**

WHEREFORE, Plaintiff, on behalf of themselves and all others similarly situated and also on behalf of the general public, pray for judgment against Defendants as follows:

A.  An order that this action may proceed and be maintained as a class action;

B.  For all unpaid minimum wages and liquidated damages due to Plaintiff and each Class member on their minimum wage claim;

C.  For all unpaid overtime wages and liquidated damages due to Plaintiff and each Class member on their overtime wage claim

D.  For one hour of wages due to Plaintiff and each Class member for each work period of more than four (4) hours when they did not receive an uninterrupted ten (10) minute rest period;

E.  For one hour of wages due to Plaintiff and each Class member for each work period of more than five (5) hours when they did not receive an uninterrupted thirty (30) minute meal period;

F.  For all statutory penalties including, but not limited to, under Labor Code §§ 223

**CLASS ACTION COMPLAINT**

and 226(e);

G. An order requiring Defendants to comply with Labor Code § 226(a) with respect
to all currently employed members of the Class;

H. For restitutionary disgorgement pursuant to the UCL;

I. An order enjoining Defendants from further unfair and unlawful business
practices in violation of Business & Professions Code §§ 17200 *et seq.;*

J. Prejudgment interest at the maximum legal rate;

K. Reasonable attorneys' fees;

L. Accounting of Defendants' records for the liability period;

M. General, special and consequential damages, to the extent allowed by law;

N. Costs of suit; and

O. Such other relief as the Court may deem just and proper.

DATED: March 17, 2017                      **HAFFNER LAW PC**

By: _____

Joshua H. Haffner
Graham G. Lambert
Attorneys for Plaintiff and others
Similarly situated

16

**CLASS ACTION COMPLAINT**

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the Class members on all claims so triable.

DATED:  March 17, 2017                    **HAFFNER LAW PC**

                              By: _____
                                  Joshua H. Haffner
                                  Graham G. Lambert
                                  Attorneys for Plaintiff and others
                                  Similarly situated

**CLASS ACTION COMPLAINT**